Ex Parte Amneris Ríos Rodríguez, Petitioner and Appellee; Ex parte Petra Martínez, Respondent and Appellant.

No. 9430. Argued May 1, 1947.—Decided June 6, 1947.

*Ramón G. Goyco* for appellant. *Frank Torres* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the Court.

Luis Ríos de Jesús died intestate in the city of New York, his last known domicile being located at Ponce, Puerto Rico,

where he left some property consisting of a small house and lot. His daughter, Amneris Ríos Rodríguez, applied to the District Court of Ponce for a declaration of heirship in her favor. That court designated as sole and universal heirs of the decedent his daughter, issue of his first marriage, Amneris Ríos, petitioner-appellee herein, and his widow by his second marriage, Petra Martínez, respondent-appellant herein, in the usufructuary share provided by law. Afterwards the petitioner applied for appointment as judicial administratrix of the estate. The widow opposed that petition and alleged that a judicial administration was not necessary; that she did not wish or request it in order to save expenses for the estate; and that she had spent a sum of money in connection with the illness, funeral, and burial of her husband Luis Ríos, which sum should be reimbursed to her out of the estate by any administratrix that might be appointed. After a hearing, the court appointed the petitioner as judicial administratrix and the respondent thereupon appealed to this Court, assigning as an only error that "the lower court erred in ignoring the right of the surviving spouse in connection with the appointment of a judicial administrator—a preference which is secured to the widow by § 564 of the Code of Civil Procedure—without any justifiable cause or ground and in a capricious way."

██ The question raised herein was considered by this Court in the case of *Ex parte Detrés, etc.*, No. 9336, on judicial administration, decided May 29, 1947 (*ante,* p. 355), in which the doctrine laid down in *Díaz* v. *Cividanes,* 23 P.R.R. 787, was ratified, to the effect that § 564 of the Code of Civil Procedure, 1933 ed., establishes a preference in favor of the surviving spouse, over any other person, regarding appointment as judicial administrator, unless powerful reasons exist which would make it necessary to appoint another person. In the case at bar, following the above-mentioned doctrine, it would have been proper to appoint the respondent-appellant as ad-

ministratrix unless there were reasons for not doing so. The evidence introduced shows that the respondent-appellant intends to reside in Puerto Rico; that she lived in New York from 1926 to October 30, 1945; that she has established in New York a business which consists in taking care of children, selling meals, and doing embroidery work; that this business is attended to by a friend and that she came to Puerto Rico to look after this matter, to see her mother, and to remain here. Based on this evidence, the court *a quo* reached the conclusion that "the widow, Petra Ríos, does not reside within the jurisdiction of the court but in New York, United States of America, and it is clear that she could not take charge of the office of administratrix of the estate of the decedent and to personally discharge the duties of that office, imposed by law, to guard, keep, and preserve the property of the estate, rendering an account of her administration, and those functions as such can not be delegated. The court could not effect the required general supervision of her judicial administration (*Jaca* v. *District Court*, 53 P.R.R. 606), since she would be outside this jurisdiction."

That conclusion is supported by the evidence, for, although it is true that the respondent-appellant has declared her intention to reside in Puerto Rico, it is no less true that according to her own testimony, she has been residing in New York for 19 years and has her business established there. The judge who presided at the trial and before whom the respondent testified had the opportunity, that this Court has not had, to see her, to observe the manner in which she testified, and to be able to form an opinion as to the credibility of her testimony. The trial judge accorded no credit to the testimony of the respondent as to her intention of residing in Puerto Rico. On the contrary, he concluded that she having lived in New York for so long a time, having her business established there, and having testified that she had come to Puerto Rico to "attend to this matter," her residence would

394

continue to be New York. This being so, the court could not appoint the surviving spouse because the latter could not properly exercise the functions of the office of administratrix as required by law. This is a powerful reason for not granting the preference in favor of the surviving spouse established by § 564, *supra*.

The judgment of the lower court should be affirmed.